1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON,<br><br>                    Plaintiff,<br>    v.<br><br>KING COUNTY et al.,<br><br>                    Defendant. | CASE NO. 2:25-cv-01109-JHC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 12) |

    Before the Court is United States District Judge John H. Chun's Order denying Plaintiff's Emergency Motion to disqualify Judge Chun. (Dkt. No. 12.) Judge Chun's Order is referred to the undersigned pursuant to Local Civil Rule 3(f) which provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." LCR 3(f). Accordingly, the Court reviews Judge Chun's order denying recusal.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 12) - 1

1   Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is
2   required if a judge's impartiality might reasonably be questioned or if the judge harbors personal
3   bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive
4   from an extrajudicial source.  *Agha-Khan v. Mortg. Elec. Registration Sys., Inc.*, 2022 WL
5   501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
6   1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is
7   appropriate if "a reasonable person with knowledge of all the facts would conclude that the
8   judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,
9   626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance
10  of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.
11  1992).

12  Plaintiff argues Judge Chun should recuse from the matter because Plaintiff: (1) filed a
13  "Writ of Mandamus" against him for judicial misconduct in a related case, (2) was not informed
14  Judge Chun would be reassigned to this case, (3) is seeking declaratory relief and damages
15  against Judge Chun, and (4) is proceeding in forma pauperis and was without access to PACER
16  until recently which burdened her ability to "navigate judicial reassignment[.]"  (Dkt. No. 8 at 2.)

17  However, Plaintiff's assertions do not present any evidence of alleged bias derived from
18  an "extrajudicial source."  *Agha-Khan*, 2022 WL 501564, at *1.  Likewise, although Plaintiff's
19  purported "Writ of Mandamus" alleges judicial misconduct, "[a]utomatic disqualification of a
20  judge cannot be obtained by the simple act of suing the judge, particularly where the suit is
21  primarily based on the judge's prior judicial rulings."  Guide to Judiciary Pol'y, Vol. 2: Ethics
22  and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published Advisory Op. No. 103, at 191,
23  https://www.uscourts.gov/sites/default/files/2025-03/guide-vol02b-ch02.pdf.
24

Plaintiff has presented no arguments or evidence that could reasonably call Judge Chun's impartiality into question. Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 12) of Plaintiff's Motion for Recusal (Dkt. No. 8).[1]

Dated this 18th day of June, 2025.

David G. Estudillo
United States District Judge

---

[1] Plaintiff filed additional motions after Judge Chun ruled on Plaintiff's Motion for Recusal (Dkt. No. 8). The undersigned's limited role was to review Judge Chun's order denying recusal (Dkt. No. 12). Plaintiff's litigation and all outstanding motions remain assigned to Judge Chun.