UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON,<br><br>                Plaintiff,<br>    v.<br><br>KING COUNTY et al.,<br><br>                Defendant. | CASE NO. 2:25-cv-01109-JHC<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 17) |

      Before the Court is United States District Judge John H. Chun's Order denying Plaintiff's Emergency Motion to disqualify Judge Chun. (Dkt. No. 17.) The Court previously affirmed Judge Chun's prior decision not to recuse. (*See* Dkt. No. 16.) Judge Chun's present Order is referred to the undersigned pursuant to Local Civil Rule 3(f) which provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." LCR 3(f). Accordingly, the Court reviews Judge Chun's order denying recusal.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 17) - 1

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortg. Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff argues Judge Chun should recuse from the matter because he has not ruled on Plaintiff's emergency motions and because Plaintiff has active litigation against Judge Chun. (Dkt. No. 15 at 2.) Plaintiff's assertions do not present any evidence of alleged bias derived from an "extrajudicial source." *Agha-Khan*, 2022 WL 501564, at *1. Likewise, although Plaintiff's purported petition before the Ninth Circuit alleges judicial misconduct, "[a]utomatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings." Guide to Judiciary Pol'y, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published Advisory Op. No. 103, at 191, https://www.uscourts.gov/sites/default/files/2025-03/guide-vol02b-ch02.pdf.

Plaintiff has presented no arguments or evidence that could reasonably call Judge Chun's impartiality into question. Accordingly, the Court AFFIRMS Judge Chun's denial (Dkt. No. 17) of Plaintiff's Emergency Motion to Disqualify Judge Chun (Dkt. No. 15).

Dated this 20th day of June, 2025.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 17) - 3